UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

**This Document Relates to:**

| | |
|---|---|
| Therese *Skipton v. Boehringer Ingelheim Pharmaceuticals, Inc., et al* | No. 3:13-cv-60012-DRH-SCW |
| Billie S. *Hilton v. Boehringer Ingelheim Pharmaceuticals, Inc., et al* | No. 3:13-cv-60013-DRH-SCW |
| Heidi *Markus as Personal Representative of the estate of Gertraud Steinback and Individually v. Boehringer Ingelheim Pharmaceuticals, Inc., et al* | No. 3:13-cv-60014-DRH-SCW |

## ORDER GRANTING REMAND TO STATE COURT

**Herndon, Chief Judge:**

The above captioned cases were initially filed in Delaware State Court. One of the defendants, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") removed each case to the United States District Court for the District of Delaware (13-60012 Doc. 1; 13-60013 Doc. 1; 13-60014 Doc. 1) on the basis of diversity of citizenship (none of the plaintiffs are citizens of Delaware, BIPI is a citizen of Delaware, and the remaining defendants are foreign entities). *Id*. BIPI removed each action prior to service of process and therefore argued that the forum defendant rule did not bar removal. *Id.* Subsequently, each plaintiff filed a motion

to remand to state court (13-60012 Docs. 9,10; 13-60013 Docs. 6,7; 13-60014 Docs. 6,7) and BIPI opposed (13-60012 Doc. 11; 13-60013 Doc. 9; 13-60014 Doc. 15).

On March 28, 2013, an order from the Multidistrict Litigation Panel, transferring the above referenced cases to this Multidistrict Litigation, was filed with the Court. Shortly before the transfer order was docketed with the Court, BIPI filed notices of non-opposition to the above captioned plaintiffs' motions to remand to state Court. Accordingly, the pending motions to remand are no longer in dispute. The Court therefore **ORDERS** as follows:

The above referenced plaintiffs' motions to remand to state court are **GRANTED**.

**FURTHER**, the Clerk of the Court is instructed to **REMAND** the above referenced cases back to the Superior Court of the State of Delaware, New Castle County, pursuant to 28 U.S.C. § 1447(c). Lastly, the Court will not award attorneys' fees and costs associated with Plaintiff's Motion to Remand. Plaintiff's memorandum fails to address the issue and the Court finds the matter waived.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2013.04.01
11:28:03 -05'00'

**Chief Judge**                                           **Date: April 1, 2013**
**United States District Court**